**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

LISA RYAN MURPHY                                                                    PLAINTIFF
ADC #760343

v.                                          No: 1:18-cv-00070 JM-PSH

BETTY HUTCHINSON, *et al.*                                              DEFENDANTS

<u>**PROPOSED FINDINGS AND RECOMMENDATION**</u>

<u>**INSTRUCTIONS**</u>

The following Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

<u>**DISPOSITION**</u>

**I.  Introduction**

Plaintiff Lisa Ryan Murphy, an inmate at the Arkansas Department of Correction's (ADC) McPherson Unit, filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* on September 14, 2018. Doc. Nos. 1 & 2. Although Murphy is a three-striker under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), she was granted leave to proceed *in forma pauperis* under the PLRA's imminent danger exception. Doc. No. 3. After screening, Murphy's amended complaint (Doc. No. 5) and an addendum (Doc. No. 6) were served on certain defendants. *See* Doc. No. 7. Other defendants were dismissed after screening, for failure to serve, or on Murphy's motion. *See* Doc. Nos. 22, 26, 88, 111 & 120. The remaining

1

defendants are:  Dr. Joseph Hughes, APN Betty Hutchinson, Dr. Donald Pate, and Dr. Jonathan Laryea.

Murphy alleges she had surgery in June 2018, that the surgery failed, and that she subsequently began to profusely bleed and had 10 inches of her colon hanging out.  Doc. No. 5 at 1-2.  She claims that Dr. Laryea (originally spelled Loria) refused to see her and that Dr. Pate told her she was fine after only briefly examining her.  *Id.* at 3-4.  She further claims that medical professionals at the McPherson Unit discontinued her treatment for this issue.  *Id.* at 4-5.

Before the Court is a motion for summary judgment, a brief in support, and a statement of facts filed by Dr. Hughes and Hutchinson (Doc. Nos. 84-86) as well as a motion for summary judgment, a brief in support, and a statement of facts filed by Drs. Pate and Laryea (Doc. Nos. 92-94).  The defendants claim that Murphy did not exhaust available administrative remedies with respect to her claims against them before she filed this lawsuit.  Murphy filed responses to the defendants' motions (Doc. Nos. 96-97).  Drs. Pate and Laryea filed a reply (Doc. No. 98); Murphy filed another response and addendum (Doc. Nos. 99-100); Drs. Pate and Laryea filed a sur-reply (Doc. No. 103); and Murphy filed another response (Doc. No. 108).  For the reasons described herein, the undersigned recommends that the defendants' motions for summary judgment be granted.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927

(8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .".  Fed. R. Civ. P. 56(c)(1)(A).  A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  Analysis

The defendants argue they are entitled to summary judgment because Murphy failed to exhaust available administrative remedies as to her claims against them before she filed this lawsuit.  In support of their motions,[1] the defendants submitted a declaration by Shelly Byers, the ADC's Medical Grievance Coordinator, and the ADC's grievance policy.  Doc. No. 86-1.

---

[1] Drs. Pate and Laryea adopt the motion, brief, and statement of facts filed by Dr. Hughes and Hutchinson.  *See* Doc. Nos. 92-94.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211; *Hammett v. Cofield,* 681 F.3d 945, 949 (8th Cir. 2012). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 86-1 at 6. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 7. Inmates are to "specifically name each individual involved for a proper investigation and response to be completed by the ADC." *Id*. at 8. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 7-8. A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id.* at 8-9. If the inmate is not satisfied with the resolution or the problem solver does not respond within three working days, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id.* at 10. If a formal grievance is medical in nature, it is forwarded to the appropriate medical personnel for

4

response. *Id.* at 11. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the Deputy Director for Health and Correctional Programs. *Id.* at 12-14. Once the Deputy Director responds or the appeal is rejected, the grievance process is exhausted. *Id.* at 14. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 15. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 19.

Murphy brings Eighth Amendment and medical negligence claims against the defendants based on an alleged denial of medical treatment after her June 21, 2018 colon surgery allegedly failed. Doc. No. 5. Byers reviewed Murphy's grievance records and found that she did not file any medical grievance after June 21, 2018, for which she received an appeal response before filing this lawsuit on September 14, 2018. ADC policy provides that exhaustion does not occur until a written decision is issued on the appeal or the appeal is rejected.

Murphy acknowledges that she did not complete the grievance process before filing her lawsuit. *See* Doc. No. 96 at 12 ("Plaintiff asserts that she did not exhaust her administrative remedies prior to filing said suit, however, her life was in serious danger."). Murphy attaches numerous grievances to her response. Most were filed after she initiated this lawsuit, but none received an appeal response before the lawsuit was filed. The earliest appeal response is dated October 30, 2018 (*see* appeal responses at Doc. No. 96 at 28, 30, 35, 38, 42, 45, 50, 54, 59 & 65). Murphy argues that the Court may stay her case to allow her time to exhaust administrative remedies; that administrative remedies were unavailable to her; and that she cannot grieve Drs. Pate and Layrea via the ADC grievance procedure because they are not employed or contracted by the ADC. Each of Murphy's arguments is discussed below.

5

*The PLRA's Exhaustion Requirement*

Murphy argues that the Court has discretion to stay her case while she exhausts her administrative remedies.  This is incorrect.  *See Jones v. Bock,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.")*; Porter v. Nussle*, 534 U.S. at 524 ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory.").  Furthermore, there is no imminent danger exception to the PLRA's exhaustion requirements.  *See Johnson v. Russell*, No. 5:15CV00129-JLH-JJV, 2015 WL 4506412, at *3 (E.D. Ark. July 23, 2015) ("The Eighth Circuit has excepted inmates from PLRA exhaustion compliance in two circumstances, namely 'when prison officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures.'") (quoting *Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (internal citations omitted)).  Additionally, the ADC grievance procedures do not excuse the exhaustion requirement when an inmate claims that his life is in danger; instead, an inmate is instructed to indicate that his or her grievance is an emergency by filling in the date by the "Emergency Grievance" line on the grievance form.  *See* Doc. No. 86-1 at 8.  Of the seven grievances identified by Murphy which were submitted prior to the date she filed this lawsuit, only one was marked emergency.  *See* Doc. No. 96 at 29, 36, 40, 44, 72, 75 & 78.  The emergency grievance was not returned to Murphy until September 24, 2018.  *Id.* at 79.

Murphy asserts that in other cases she has filed, the Court stayed her case to allow her time to complete her administrative remedies.  This is also incorrect.  Murphy cites 4:15-cv-00005 and 4:11-cv-00084.  Doc. No. 96 at 4.  Those cases were initially filed in the U.S. District Court for the Eastern District of Arkansas and then transferred to the U.S. District Court for the Western District of Arkansas.  Case number 4:11-cv-00084 became case number 6:11-cv-06091 in the

Western District.  At no time was it stayed (*see* docket sheet for 6:11-cv-06091) (attached), and some of Murphy's claims were dismissed for failure to exhaust her administrative remedies (*see* Doc. No. 64 in 6:11-cv-06091) (attached).  The Court's ruling was subsequently affirmed on appeal (*see* Doc. No. 74-2 in 6:11-cv-06091) (attached).

Case number 4:15-cv-00005 became case number 6:15-cv-06001 in the Western District. That case was stayed while Murphy completed her appeal in 6:11-cv-06091 (*see* Doc. No. 13 in 6:15-cv-06001) (attached).  Murphy had sought to relitigate the claims she had brought in her 2011 case, but she could still not prove that her claims were exhausted, and the Court dismissed her claims with prejudice because they were time-barred in any case (*see* Doc. No. 22 in 6:15-cv-06001) (attached).

*Available Remedies as to All Defendants*

Murphy generally asserts that the ADC grievance procedure was unavailable to her because she "filed numerous grievances that never got answered, never had the proper attachments, or was wrongly 'neglected' for one reason or another."  Doc. No. 96 at 5.  Murphy attaches to her complaint a number of grievances that were rejected.  *Id.* at 69-98.

The Supreme Court in *Booth v. Churner* held that "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought."  532 U.S. 731, 738–39 (2001).  The Eighth Circuit has found administrative remedies to be unavailable where prison officials prevented inmates from utilizing the grievance procedures or where officials failed to comply with such procedures.  *See Gibson v. Weber*, 431 F.3d 339 (8th Cir. 2005); *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001).  The United States Supreme Court held that an administrative remedy is unavailable when "it operates as a

simple dead end," or when it "might be so opaque that it becomes, practically speaking, incapable of use." *Ross v. Blake,* 136 S.Ct. 1850, 1859 (2016).

Of the 11 grievances Murphy claims were wrongfully rejected, only three were submitted before she filed this lawsuit. Those were MCP18-01172, MCP18-01173, and MCP18-01143. These grievances were submitted the week before she filed this lawsuit and rejected after she filed this lawsuit. Doc. No. 96 at 72-79. Accordingly, even if these grievances had not been rejected, they could not serve to exhaust her claims in this case because she could not complete the grievance procedure before filing this lawsuit. Furthermore, Murphy did eventually exhaust numerous grievances raising the same issues raised in this lawsuit – she received at least nine appeal responses to those grievances. *See id.* at 28 (MCP18-01174 grieving Dr. Pate's actions), 30 (MCP18-01078 grieving Hutchinson's actions), 35 (MCP18-01305 grieving Dr. Laryea's actions), 42 (MCP18-01093 grieving Dr. Hughes' actions), 45 (MCP18-01098 grieving Hutchinson's actions), 50 (MCP18-01279 grieving Warden Bradley for not intervening in Murphy's medical care), 54 (MCP18-01370 grieving Dr. Hughes and Hutchinson's actions), 59 (MCP18-01379 grieving Dr. Hughes' actions), & 65 (MCP18-01369 describing a visit to Dr. Barr and grieving Dr. Hughes and Hutchinson for not continuing pain medication). Clearly, the ADC grievance procedure was available to Murphy and utilized by her. She simply did not complete the process before filing this lawsuit.

### *Available Remedies as to Drs. Pate and Layrea*

Finally, Murphy argues that the ADC grievance procedure is inapplicable to Drs. Pate and Laryea because they are not employed by the ADC. *See* Doc. No. 99 at 3. In support of her argument, Murphy attaches a copy of the appeal response to MCP18-01174 in which Director Rory Griffin responded: "Medical treatment that is provided during an encounter with an outside

provider is non-grievable as it is beyond the control of the Department of Correction due to the outside provider not being hired or contracted by the Department of Correction." Doc. No. 100 at 2. Murphy also claims that she submitted complaints to the medical administrators at UAMS with respect to Dr. Laryea and to Harris Hospital with respect to Dr. Pate. Doc. No. 99 at 3-4. However, Murphy provides no evidence to support that claim.

Drs. Pate and Laryea argue that despite the language in this one response, the ADC grievance procedure does not preclude an inmate from grieving the tests and treatment recommended by outside providers. Specifically, the grievance procedure provides that an inmate may submit grievances concerning an "action of an employee, contractor, or volunteer at his or her facility that personally affects the inmate." Doc. No. 86-1 at 4. Drs. Pate and Laryea assert that regardless of the language in the response to MCP18-01174, the grievance exhausted Murphy's claims as to them on the date the appeal response was received (*i.e.,* November 28, 2018).

The Court agrees. The treatment provided by an outside provider that contracts with the ADC may be grieved according to the ADC's grievance policy. In fact, another grievance submitted by Murphy was responded to on the merits with no mention of her not being able to grieve an outside provider. In MCP18-01305, Murphy grieved Dr. Layrea and received an appeal response on December 19, 2018. *See* Doc. No. 96 at 35. The ADC grievance policy was available for Murphy to grieve the actions of Drs. Pate and Layrea; she simply did not exhaust those grievances before she filed this lawsuit.

### IV. Conclusion

Murphy did not submit a medical grievance relating to the issues in her complaint until just before she filed her complaint. She did not complete the appeal process with respect to any

relevant grievance before filing this lawsuit.  Accordingly, the undersigned recommends that the defendants' motions for summary judgment (Doc. No. 84 & 92) be granted.  Murphy's claims should be dismissed without prejudice for failure to exhaust available administrative remedies.

DATED this 2nd day of July, 2019.

_____

UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LISA MURPHY                                                        PLAINTIFF

V.                              CASE NO. 11-CV-6091

SHERIFF CHAD LEDBETTER;
GEORGE WRIGHT; CORP. LINDA ROWE;
SGT. LINGO; AMY MARTIN; and
BRIAN OREL                                                        DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed July 29, 2014, by the Honorable

James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas.  ECF

No. 59.  Judge Marschewski recommends that Defendants' Motion for Summary Judgment (ECF

No. 48) be granted.  Plaintiff has responded with objections, and the Court has reviewed the

objections.  ECF Nos. 62 and 63.  The Court, being well and sufficiently advised, finds that

Plaintiff's objections offer neither law nor fact requiring departure from the Report and

Recommendation.[1]  After reviewing the record *de novo*, the Court adopts the Report and

Recommendation *in toto*.

Accordingly, Defendants' Motion for Summary Judgment (ECF No. 48) is **GRANTED**.

Plaintiff's official capacity claims are **DISMISSED WITH PREJUDICE**.  Plaintiff's claims

regarding conditions of confinement, equal protection, and privacy are **DISMISSED WITH**

**PREJUDICE**.  Plaintiff's claims relating to the alleged sexual assault and harassment are

---

[1]In her objections, Plaintiff states that "she has no other argument, or evidence at this time, thus, her objections are the
very same objections as she presented when she objected to Defendant's Summary Judgment initially."  ECF No. 62,
p. 2.  Plaintiff's objections do not specifically reference any portion of the Report and Recommendation.  In fact, Plaintiff
simply re-files her response to Defendants' summary judgment motion as her objections to the Report and
Recommendation.  ECF Nos. 53 and 63.  The Report and Recommendation adequately addresses the arguments Plaintiff
makes in her response to the summary judgment motion.

**DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies as required

by 42 U.S.C. § 1997e(a).

      **IT IS SO ORDERED**, this 8th day of September, 2014.

                                             /s/ Susan O. Hickey      
                                             Susan O. Hickey
                                             United States District Judge

# United States Court of Appeals

## For the Eighth Circuit

---

No. 14-3566

---

Lisa Murphy

*Plaintiff - Appellant*

Laura B. Sparks

*Plaintiff*

v.

Sheriff Chad Ledbetter, Sheriff, Hot Spring County

*Defendant - Appellee*

Dr. John Doe, Chief, Hot Spring County

*Defendant*

George Wright, Jail Administrator, Hot Spring County Jail; Corporal Linda Rowe, Assistant Jail Administrator, Hot Spring County Jail; Lingo, Sargent, Hot Spring County Jail; Amy Martin, Correctional Officer, Hot Spring County Jail; Brian Orel, Correctional Officer, Hot Spring County Jail

*Defendants - Appellees*

---

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

---

Submitted: July 6, 2015
Filed: July 13, 2015
[Unpublished]

---

Before SMITH, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Lisa Murphy appeals following the district court's[1] adverse
grant of summary judgment in her 42 U.S.C. § 1983 action. Upon de novo review,
we agree with the district court that Murphy failed to exhaust her administrative
remedies on some claims. See King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (8th
Cir. 2010) (standard of review; administrative exhaustion). We also find that
summary judgment was proper as to the remaining claims, because, based on our de
novo review of the evidence developed below, see Murchison v. Rogers, 779 F.3d
882, 886-87 (8th Cir. 2015) (summary judgment standard of review), we cannot
conclude that any defendant violated Murphy's constitutional rights. The judgment
of the district court is affirmed, and Murphy's motion for appointment of counsel is
denied. See 8th Cir. R. 47B.

_____

_____

[1]The Honorable Susan O. Hickey, United States District Judge for the Western
District of Arkansas, adopting the report and recommendations of the Honorable
James R. Marschewski, United States Magistrate Judge for the Western District of
Arkansas, now retired.

Query     Reports     Utilities     Help     What's New     Log Out

CLOSED,AWL

# U. S. District Court
## Western District of Arkansas (Hot Springs)
## CIVIL DOCKET FOR CASE #: 6:11-cv-06091-SOH

Murphy et al v. Ledbetter et al
Assigned to: Honorable Susan O. Hickey
Case in other court: 8th Circuit Court of Appeals, 14-03566
                     Arkansas Eastern, 4:11-cv-00884
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 12/19/2011
Date Terminated: 09/08/2014
Jury Demand: Plaintiff
Nature of Suit: 555 Prisoner Petitions -
Prison Conditions
Jurisdiction: Federal Question

**Plaintiff**

**Lisa R Murphy**                    represented by    **Lisa R Murphy**
                                                       760343
                                                       ADC - MCPHERSON UNIT
                                                       302 Corrections Drive
                                                       Newport, AR 72112-8008
                                                       PRO SE

**Plaintiff**

**Laura B Sparks**                   represented by    **Laura B Sparks**
*TERMINATED: 03/08/2012*                               ADC #751522
                                                       MCPHERSON UNIT
                                                       Arkansas Department of Correction
                                                       302 Corrections Drive
                                                       Newport, AR 72112
                                                       PRO SE

V.

**Defendant**

**Sheriff Chad Ledbetter**           represented by    **C. Burt Newell**
*Sheriff, Hot Spring County*                           C. Burt Newell
                                                       P.O. Box 1620
                                                       Hot Springs, AR 71902-1620
                                                       501-321-2222
                                                       Email: burtnewell@mac.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Nicholas Rudolph Windle**
                                                       C. Burt Newell
                                                       P.O. Box 1620
                                                       Hot Springs, AR 71902

501-321-2222
Fax: 501-624-0533
Email: nick@hotspringslaw.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dr. John Doe**
*Chief, Hot Spring County*
*TERMINATED: 06/28/2012*

**Defendant**

| | | |
|---|---|---|
| **George Wright**<br>*Jail Administrator, Hot Spring County*<br>*Jail* | represented by | **C. Burt Newell**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Nicholas Rudolph Windle**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Corporal Linda Rowe**<br>*Assistant Jail Administrator, Hot Spring*<br>*County Jail* | represented by | **C. Burt Newell**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Nicholas Rudolph Windle**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Lingo**<br>*Sargent, Hot Spring County Jail* | represented by | **C. Burt Newell**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Nicholas Rudolph Windle**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Amy Martin**<br>*Correctional Officer, Hot Spring*<br>*County Jail* | represented by | **C. Burt Newell**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

Nicholas Rudolph Windle
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brian Orel**                    represented by    **C. Burt Newell**
*Correctional Officer, Hot Spring*                   (See above for address)
*County Jail*                                        *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

Nicholas Rudolph Windle
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2011 | 1 | MOTION for Leave to Proceed in forma pauperis by Lisa R Murphy. (copy mailed) (kdr) [Transferred from ared on 12/19/2011.] (Entered: 12/14/2011) |
| 12/14/2011 | 2 | MOTION for Leave to Proceed in forma pauperis by Laura B Sparks. (copy mailed) (kdr) [Transferred from ared on 12/19/2011.] (Entered: 12/14/2011) |
| 12/14/2011 | 3 | COMPLAINT with Jury Demand against All Defendants, filed by Laura B Sparks and Lisa R Murphy. (copy mailed)(kdr) [Transferred from ared on 12/19/2011.] (Entered: 12/14/2011) |
| 12/14/2011 | 4 | MOTION to Appoint Counsel by Lisa R Murphy and Laura B Sparks. (copy mailed) (kdr) [Transferred from ared on 12/19/2011.] (Entered: 12/14/2011) |
| 12/19/2011 | 5 | **ORDER directing the Clerk of Court to immediately transfer this case to the United States District Court for the Western District of Arkansas. Signed by Judge Billy Roy Wilson on 12/19/2011. (dmn) [Transferred from ared on 12/19/2011.] (Entered: 12/19/2011)** |
| 12/19/2011 | 7 | Case transferred in from District of Arkansas Eastern; Case Number 4:11-cv-00884. certified copy of transfer order and docket sheet received. (Entered: 12/19/2011) |
| 12/19/2011 | | TEXT ONLY NOTICE: COMPLAINT REFERRED (42:1983) transferred in from EDAR. (dmc) (Entered: 12/19/2011) |
| 12/19/2011 | | MOTIONS REFERRED: 1 MOTION for Leave to Proceed in forma pauperis, 2 MOTION for Leave to Proceed in forma pauperis, 4 MOTION to Appoint Counsel. Motions referred to Honorable James R. Marschewski.(dmc) (Entered: 01/09/2012) |
| 01/25/2012 | 8 | MOTION to Dismiss Party by Laura B Sparks. Motions referred to James R. Marschewski.(src) (Entered: 01/25/2012) |

| 01/25/2012 | 9 | NOTICE to Continue Case by Lisa R Murphy (src) (Entered: 01/25/2012) |
|---|---|---|
| 01/25/2012 | 10 | **ORDER directing the clerk to Change the Address of Lisa Murphy. There are no documents to resend. Signed by Honorable James R. Marschewski on January 25, 2012. (src) (Entered: 01/25/2012)** |
| 03/08/2012 | 11 | **ORDER granting 8 Motion to Dismiss Party; Finding as moot 2 Motion for Leave to Proceed in forma pauperis. Party Laura B Sparks Terminated. Signed by Honorable James R. Marschewski on March 7, 2012. (dmc) (Entered: 03/08/2012)** |
| 03/08/2012 | 12 | **ORDER granting 1 Motion for Leave to Proceed in forma pauperis. Plaintiff is directed to submit an amended complaint by March 29, 2012. The Clerk isdirected to mail the Plaintiff a court-approved § 1983 form to use for filing the amended complaint as set forth. Signed by Honorable James R. Marschewski on March 8, 2012.(dmc) (Entered: 03/08/2012)** |
| 03/15/2012 | 13 | **CLERK'S ORDER re PLRA Fee directing McPherson Unit, ADC to collect from petitioner's prison account monthly payments in amount equal to 20% of preceding month's income credited to account until $ 350.00 filing fee is paid in full (cc: AR Board of Corrections, Compliance Division; Department of Correction, Trust Fund & Centralized Banking Office; Fiscal Manager, AR Department of Community Correction). (dmc) (Entered: 03/15/2012)** |
| 04/05/2012 | 14 | **ORDER TO SHOW CAUSE - Show Cause Response due by 4/20/2012. Signed by Honorable James R. Marschewski on April 5, 2012. (dmc) (Entered: 04/05/2012)** |
| 04/17/2012 | 15 | AMENDED COMPLAINT as to 3 Complaint against All Defendants, filed by Lisa R Murphy. Related document: 3 Complaint filed by Laura B Sparks, Lisa R Murphy.(dmc) (Entered: 04/17/2012) |
| 04/17/2012 | 16 | MOTION to Appoint Counsel by Lisa R Murphy. Motions referred to James R. Marschewski.(dmc) (Entered: 04/17/2012) |
| 04/17/2012 | 17 | MOTION to Compel by Lisa R Murphy. Motions referred to James R. Marschewski.(dmc) (Entered: 04/17/2012) |
| 04/17/2012 | 18 | RESPONSE TO ORDER TO SHOW CAUSE by Lisa R Murphy re 12 Order on Motion for Leave to Proceed in forma pauperis, 14 Order to Show Cause. (dmc) (Entered: 04/17/2012) |
| 04/25/2012 | 19 | **ORDER directing Plaintiff to submit an amended complaint by May 11, 2012. The Clerk is directed to mail the Plaintiff a court-approved § 1983 form to use for filing the amended complaint. Signed by Honorable James R. Marschewski on April 25, 2012. (dmc) (Entered: 04/25/2012)** |
| 04/26/2012 | 20 | **ORDER denying 4 Motion to Appoint Counsel ; denying 16 Motion to Appoint Counsel ; denying as premature 17 Motion to Compel. Signed by Honorable James R. Marschewski on April 26, 2012. (dmc) (Entered: 04/26/2012)** |
| 05/17/2012 | 21 | **ORDER TO SHOW CAUSE - Show Cause Response due by 6/1/2012.** |

|  |  | **Signed by Honorable James R. Marschewski on May 17, 2012. (dmc) (Entered: 05/17/2012)** |
| 05/17/2012 | 22 | MOTION to Extend time to file amended complaint by Lisa R Murphy. Motions referred to James R. Marschewski.(dmc) (Entered: 05/17/2012) |
| 06/04/2012 | 23 | **ORDER granting 22 Motion to Extend time to file amended complaint. Signed by Honorable James R. Marschewski on June 4, 2012. (dmc) (Entered: 06/04/2012)** |
| 06/26/2012 | 24 | AMENDED COMPLAINT as to 15 Amended Complaint against All Defendants, filed by Lisa R Murphy. Related document: 15 Amended Complaint filed by Lisa R Murphy.(dmc) (Entered: 06/26/2012) |
| 06/27/2012 | 25 | **ORDER DIRECTING THE MARSHALS SERVICE TO SERVE Chad Ledbetter, Lingo, Amy Martin, Brian Orel, Linda Rowe, George Wright and granting 21 days to answer. Signed by Honorable James R. Marschewski on June 26, 2012. (dmc) (Entered: 06/27/2012)** |
| 06/27/2012 |  | Summons Issued as to Chad Ledbetter, Lingo, Amy Martin, Brian Orel, Linda Rowe, George Wright and USM285 Form(s) Delivered to USMS for each defendant for whom summons was issued with the following documents attached: re 25 Order Directing Service, 3 Complaint, 15 Amended Complaint . Magistrate Notice/Consent form furnished to defendants attached to summons. (dmc) Modified on 6/28/2012 to show links of documents sent (dmc). (Entered: 06/27/2012) |
| 07/19/2012 | 26 | ANSWER to 24 Amended Complaint by Chad Ledbetter, Lingo, Amy Martin, Brian Orel, Linda Rowe, George Wright.(Windle, Nicholas) (Entered: 07/19/2012) |
| 07/19/2012 | 27 | NOTICE of Appearance by C. Burt Newell on behalf of Chad Ledbetter, Lingo, Amy Martin, Brian Orel, Linda Rowe, George Wright. (Newell, C.) (Entered: 07/19/2012) |
| 07/19/2012 | 28 | PLEASE DISREGARD FILED IN WRONG CASE: USM-285/SUMMONS Returned Executed by Lisa R Murphy. Chad Ledbetter served on 7/9/2012, answer due 7/30/2012. (dmc) Modified on 7/19/2012 to reflect disregard; NEF regenerated (dmc). Modified on 7/20/2012 edit text (dmc). (Entered: 07/19/2012) |
| 07/19/2012 | 29 | USM-285/SUMMONS Returned Executed by Lisa R Murphy. Lingo served on 7/9/2012, answer due 7/30/2012. (dmc) (Entered: 07/20/2012) |
| 07/19/2012 | 30 | USM-285/SUMMONS Returned Executed by Lisa R Murphy. Amy Martin served on 7/9/2012, answer due 7/30/2012. (dmc) (Entered: 07/20/2012) |
| 07/19/2012 | 31 | USM-285/SUMMONS Returned Executed by Lisa R Murphy. Brian Orel served on 7/6/2012, answer due 7/27/2012. (dmc) (Entered: 07/20/2012) |
| 07/19/2012 | 32 | USM-285/SUMMONS Returned Executed by Lisa R Murphy. Linda Rowe served on 7/9/2012, answer due 7/30/2012. (dmc) (Entered: 07/20/2012) |
| 07/19/2012 | 33 | USM-285/SUMMONS Returned Executed by Lisa R Murphy. George Wright |

| | | |
|---|---|---|
| | | served on 7/9/2012, answer due 7/30/2012. (dmc) (Entered: 07/20/2012) |
| 07/19/2012 | 34 | USM-285/SUMMONS Returned Executed by Lisa R Murphy. Sheriff Ledbetter served on 7/9/2012, Answer due 7/30/2012. (dmc) (Entered: 07/20/2012) |
| 07/24/2012 | 35 | MOTION to Compel Video Production by Lisa R Murphy. Motions referred to James R. Marschewski.(dmc) (Entered: 07/24/2012) |
| 07/27/2012 | 36 | RESPONSE to Motion re 35 MOTION to Compel filed by Chad Ledbetter, Lingo, Amy Martin, Brian Orel, Linda Rowe, George Wright. (Windle, Nicholas) (Entered: 07/27/2012) |
| 09/04/2012 | 37 | **ORDER denying 35 Motion to Compel. Signed by Honorable James R. Marschewski on September 4, 2012. (jn) (Entered: 09/04/2012)** |
| 10/16/2012 | 38 | MOTION for Production of Documents, filed by Lisa R Murphy Pro Se Plaintiff. Motions referred to James R. Marschewski.(sh) (Entered: 10/16/2012) |
| 10/16/2012 | 39 | NOTICE of Plaintiff's first set of Interrogatories to Defendants, filed by Lisa R Murphy Pro Se Plaintiff. (sh) (Entered: 10/16/2012) |
| 05/23/2013 | 40 | **ORDER directing Defendant to file a summary judgment motion by November 4, 2013. Signed by Honorable James R. Marschewski on May 23, 2013. (tg) (Entered: 05/23/2013)** |
| 05/23/2013 | 41 | **ORDER denying 38 Motion to Produce Documents. Signed by Honorable James R. Marschewski on May 23, 2013. (tg) (Entered: 05/23/2013)** |
| 05/29/2013 | 42 | MOTION for Order Compelling Discovery by Lisa R Murphy. Motions referred to James R. Marschewski.(tg) (Entered: 05/29/2013) |
| 05/30/2013 | 43 | RESPONSE in Opposition re 42 MOTION for Order filed by Chad Ledbetter, Lingo, Amy Martin, Brian Orel, Linda Rowe, George Wright. (Windle, Nicholas) (Entered: 05/30/2013) |
| 06/06/2013 | 44 | MOTION for Reconsideration re 41 Order on Motion to Produce by Lisa R Murphy. Motions referred to James R. Marschewski.(adw) (Entered: 06/06/2013) |
| 06/06/2013 | 45 | MOTION to Compel Discovery by Lisa R Murphy. Motions referred to James R. Marschewski.(adw) (Entered: 06/06/2013) |
| 06/06/2013 | 46 | MOTION to Compel Discovery by Lisa R Murphy. Motions referred to James R. Marschewski.(adw) (Entered: 06/06/2013) |
| 06/13/2013 | 47 | RESPONSE to Motion re 46 MOTION to Compel, 44 MOTION for Reconsideration re 41 Order on Motion to Produce, 45 MOTION to Compel filed by Chad Ledbetter, Lingo, Amy Martin, Brian Orel, Linda Rowe, George Wright. (Windle, Nicholas) (Entered: 06/13/2013) |
| 11/04/2013 | 48 | MOTION for Summary Judgment by Chad Ledbetter, Lingo, Amy Martin, Brian Orel, Linda Rowe, George Wright. Motions referred to James R. Marschewski.(Windle, Nicholas) (Entered: 11/04/2013) |
| | | |

| | | |
|---|---|---|
| 11/04/2013 | 49 | MEMORANDUM BRIEF in Support of 48 MOTION for Summary Judgment by Chad Ledbetter, Lingo, Amy Martin, Brian Orel, Linda Rowe, George Wright. (Attachments: # 1 Exhibit A- Intake Activity Log, # 2 Exhibit B- Affidavit of Amie Martin, # 3 Exhibit C-May 17, 2011 Fax, # 4 Exhibit D- May 22, 2011 Hospital Records, # 5 Exhibit E - ADC Investigation, # 6 Exhibit F- Grievances filed by Plaintiff)(Windle, Nicholas) (Entered: 11/04/2013) |
| 11/04/2013 | 50 | STATEMENT OF FACTS in support of 48 MOTION for Summary Judgment by Chad Ledbetter, Lingo, Amy Martin, Brian Orel, Linda Rowe, George Wright. (Windle, Nicholas) (Entered: 11/04/2013) |
| 11/13/2013 | 51 | **ORDER directing plaintiff to complete and return the attached Notice regarding the 48 MOTION for Summary Judgment . Notice Regarding Response to Motion due by 12/4/2013. Signed by Honorable James R. Marschewski on November 13, 2013. (src) (Entered: 11/13/2013)** |
| 11/18/2013 | 52 | NOTICE REGARDING RESPONSE TO MOTION by Lisa R Murphy as directed per 51 Order re Notice Regarding Response. Plaintiff will file a response to the Motion for Summary Judgment within 30 days. (src) (Entered: 11/18/2013) |
| 11/18/2013 | 53 | RESPONSE to Motion re 48 MOTION for Summary Judgment filed by Lisa R Murphy. (src) (Entered: 11/18/2013) |
| 11/21/2013 | 54 | **ORDER denying 42 Motion for Order Compelling Discovery; denying 44 Motion for Reconsideration ; denying as moot 45 Motion to Compel; denying 46 Motion to Compel. Signed by Honorable James R. Marschewski on November 21, 2013. (src) (Entered: 11/21/2013)** |
| 03/07/2014 | 55 | MOTION to Compel by Lisa R Murphy. Motions referred to James R. Marschewski.(rw) (Entered: 03/07/2014) |
| 06/04/2014 | 56 | MOTION for Order of Case Status by Lisa R Murphy. Motions referred to James R. Marschewski.(src) (Entered: 06/04/2014) |
| 06/04/2014 | 57 | MOTION to Appoint Counsel by Lisa R Murphy. Motions referred to James R. Marschewski.(src) (Entered: 06/04/2014) |
| 07/28/2014 | 58 | MOTION for Order on 48 Motion for summary judgment by Lisa R Murphy. Motions referred to James R. Marschewski.(rw) (Entered: 07/28/2014) |
| 07/29/2014 | 59 | REPORT AND RECOMMENDATIONS re 48 MOTION for Summary Judgment filed by Lingo, Chad Ledbetter, Brian Orel, George Wright, Amy Martin, Linda Rowe. Objections to R&R due by 8/15/2014. Signed by Honorable James R. Marschewski on July 29, 2014. (lw) (Entered: 07/29/2014) |
| 07/29/2014 | 60 | REMARK: Petition for Writ of Mandamus was filed in the 8USCA. (Attachments: # 1 USCA Cover Letter) (lw) (Entered: 07/29/2014) |
| 07/29/2014 | | Honorable James R. Marschewski no longer assigned to case. (lw) (Entered: 11/03/2014) |
| 07/30/2014 | 61 | **ORDER denying as moot 55 Motion to Compel; denying as moot 56 Motion for Order; and denying 57 Motion to Appoint Counsel. Signed by** |

| | | |
|---|---|---|
| | | **Honorable James R. Marschewski on July 30, 2014. (lw) (Entered: 07/30/2014)** |
| 08/11/2014 | 62 | OBJECTION to 59 Report and Recommendations by Lisa R Murphy. (lw) (Entered: 08/11/2014) |
| 08/11/2014 | 63 | MEMORANDUM BRIEF in Support of 62 Objection to Report and Recommendations by Lisa R Murphy. (lw) (Entered: 08/11/2014) |
| 09/08/2014 | 64 | **ORDER adopting 59 Report and Recommendations in toto and granting defendants' 48 Motion for Summary Judgment as set forth Signed by Honorable Susan O. Hickey on September 8, 2014. (rw) (Entered: 09/08/2014)** |
| 10/06/2014 | 65 | NOTICE OF APPEAL as to 64 Order Adopting Report and Recommendations by Lisa R Murphy. ( cc via CM/ECF: C. Burt Newell, Nicholas Rudolph Windle, via U.S. Postal Service: Lisa R Murphy ) (Attachments: # 1 Letter from USCA, # 2 Objections to R&R, # 3 Memorandum of Law 11/12/13, # 4 Memorandum of Law 9/19/14, # 5 Exhibits)(lw) (Entered: 10/15/2014) |
| 10/15/2014 | 66 | APPEAL NOTICE to Counsel and Pro Se Parties re 65 Notice of Appeal, filed by Lisa R Murphy. (lw) (Entered: 10/15/2014) |
| 10/31/2014 | 67 | MOTION for Leave to Appeal in forma pauperis by Lisa R Murphy. (lw) (Entered: 10/31/2014) |
| 10/31/2014 | | MOTIONS REFERRED: 67 MOTION for Leave to Appeal in forma pauperis. Motions referred to Honorable James R. Marschewski.(lw) (Entered: 10/31/2014) |
| 11/05/2014 | 68 | **ORDER Granting IFP, directing Clerk to assess filing fee and collect funds from Prison Account of Lisa Murphy. Signed by Honorable James R. Marschewski on November 5, 2014. (lw) (Entered: 11/05/2014)** |
| 11/05/2014 | 69 | NOA SUPPLEMENT FORM re 65 Notice of Appeal, filed by Lisa R Murphy. (lw) (Entered: 11/05/2014) |
| 11/13/2014 | 70 | USCA Scheduling Order as to 65 Notice of Appeal, filed by Lisa R Murphy. Case Appealed to 8th Circuit Court of Appeals Case Number 14-3566. (Attachments: # 1 USCA Cover Letter)(lw) (Entered: 11/13/2014) |
| 03/02/2015 | 71 | **CLERK'S ORDER directing McPherson Unit to collect from petitioner's prison account an initial partial filing fee of $7.52; thereafter to collect monthly payments from petitioner's prison account in amount equal to 20% of preceding month's income credited to account until $505.00 filing fee is paid in full (cc: AR Board of Corrections, Compliance Division; Department of Correction, Trust Fund & Centralized Banking Office; Fiscal Manager, AR Department of Community Correction). (hnc) (Entered: 03/02/2015)** |
| 04/28/2015 | 72 | MOTION to Compel by Lisa R Murphy. (lw) (Entered: 04/28/2015) |
| 04/28/2015 | 73 | MOTION to Reinstate Cause by Lisa R Murphy. (lw) (Entered: 04/28/2015) |
| 05/21/2015 | | **TEXT ONLY ORDER REFERRING 72 MOTION to Compel filed by Lisa** |

| | | |
|---|---|---|
| | | **R Murphy, and** <u>73</u> **MOTION to Reinstate Cause filed by Lisa R Murphy to Honorable Mark E. Ford, U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. Signed by Honorable Susan O. Hickey on May 21, 2015. Motions referred to Mark E. Ford.(rwg) (Entered: 05/21/2015)** |
| 08/03/2015 | <u>74</u> | MANDATE of USCA affirming district court decision as to <u>65</u> Notice of Appeal, filed by Lisa R Murphy. (Attachments: # <u>1</u> USCA Judgment, # <u>2</u> USCA Opinion, # <u>3</u> USCA Letter)(lw) (Entered: 08/03/2015) |
| 01/07/2016 | <u>75</u> | **ORDER denying** <u>72</u> **Motion to Compel ; denying** <u>73</u> **Motion to Reinstate Cause. Signed by Honorable Mark E. Ford on January 7, 2016. (lw) (Entered: 01/07/2016)** |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


LISA MURPHY

PLAINTIFF

v.          Civil No. 6:15-cv-06001-RTD-MEF

SHERIFF CHAD LEDBETTER, *et. al.*
.          DEFENDANT


**ORDER**

Plaintiff, Lisa Murphy, submitted this *pro se* action for filing on January 6, 2015.  (Doc.

1)   Currently before the Court is Plaintiff's Motion to Stay her case pending completion of an

Appeal to the Eighth Circuit on a prior case (6:11-cv-06091-SOH).  (Doc. 12)

Plaintiff's Motion to Stay is GRANTED.  The Clerk is DIRECTED to administratively

terminate this case.

In the event Plaintiff wishes to reopen this case, she will need to file a Motion to Reopen

at that time.

**IT IS SO ORDERED this 29th day of July 2015.**


/s/   *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LISA MURPHY                                                                    PLAINTIFF

v.                                    No. 6:15-CV-06001

SHERIFF CHAD LEDBETTER;
OFFICER AMY MARTIN; OFFICER
BRYAN OREL; JAIL ADMINISTRATOR
GEORGE WRITE; and JOSH LING                                          DEFENDANTS

## OPINION AND ORDER

Plaintiff Lisa Murphy filed this case pro se pursuant to 42 U.S.C. § 1983 on January 6, 2015. (Doc. 1). This matter is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I.      BACKGROUND

Plaintiff filed her complaint on January 6, 2015. (Doc. 1). She filed an amended complaint on January 27, 2015. (Doc. 7). In both complaints Plaintiff failed to provide any details of her claim, instead writing "see attached." There were no attachments. On March 16, 2015, the Court entered an order directing Plaintiff to file the supporting documents referenced in her complaint. (Doc. 11). On April 20, 2015, Plaintiff filed a motion to dismiss her case until her appeal in case number 6:11-cv-06091 was decided by the Eighth Circuit. (Doc. 12). The Court entered an order to stay her case on July 29, 2015. (Doc. 13).

On August 4, 2015, Plaintiff filed a motion to reopen this case. (Doc. 14). This motion was granted on October 27, 2015. (Doc. 15). Plaintiff filed her supplement on November 6, 2015.

(Doc. 16). The supplement filed was the complaint from her prior case number 6:11-cv-06091. Plaintiff drew a line through the case number and wrote in the case number for this case.

In case number 6:11-cv-06091 Plaintiff raised a number of claims, including one for sexual assault and harassment while incarcerated in the Hot Springs County Detention Center in May of 2011. Her sexual assault and harassment claim was dismissed for failure to exhaust administrative remedies because she had not filed any grievances concerning the event. This claim was dismissed without prejudice. Plaintiff's other claims in the case were dismissed with prejudice. The dismissals were affirmed by the Eighth Circuit on July 6, 2015. *Murphy v. Ledbetter*, 608 Fed. App'x 440 (8th Cir. 2015). In her motion to reopen this case, Plaintiff alleged she has "since filed and sent her grievance to each and every defendant listed in her case." (Doc. 14, p. 1).

On February 26, 2016 the Court entered an order directing Plaintiff to complete an addendum. In the addendum, Plaintiff was directed to provide evidence of her completed grievances regarding the alleged May 2011 sexual assault and harassment claim. In response, Plaintiff attached an affidavit dated September 23, 2014, which she states is the form she used as her grievance. The affidavit states "[t]hat she has filed a civil action on a number of employees. . for sexual assault and harassment." (Doc. 21, p. 5). Plaintiff filed this same affidavit in her Eighth Circuit appeal in the 6:11-cv-6091 case.

## II.    APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state

a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III.   DISCUSSION

Plaintiff's sexual assault and harassment claim for events alleged to have occurred in May, 2011 is barred by the doctrine of res judicata, her failure to exhaust administrative remedies, and the statute of limitations.

It is well-settled that a court may dismiss a case sua sponte based upon the doctrine of res judicata:

> if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*Arizona v. California,* 530 U.S. 392, 412 (2000) *supplemented*, 531 U.S. 1 (2000) (quoting *United States v. Sioux Nation,* 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting) (citations omitted); *see also Hanig v. City of Winner, S.D.*, 527 F.3d 674, 676 (8th Cir. 2008) ("When the second action seeks redress for the same wrong, res judicata bars relitigation of a claim or an issue 'actually litigated or which could have been properly raised and determined in a prior action.'")

Here, Plaintiff is trying to file her 2011 case for the second time by literally filing the same documents, complete with the original file-stamps.  Plaintiff's 2011 case was dismissed at summary judgment. With the exception of the sexual assault and harassment claim, her 2011 claims were dismissed with prejudice.  Plaintiff appealed the dismissal to the Eighth Circuit, where the case dismissal was affirmed.

3

The Court in this case permitted Plaintiff the opportunity to provide evidence that she had actually exhausted her administrative grievances as to the sexual assault and harassment in the form of an addendum.  Plaintiff had no new evidence. Instead, she submitted a 2014 affidavit as her "grievance."  This affidavit had been filed in the appeal for her 2011 case.  The affidavit specifically stated she had already filed a civil lawsuit for the sexual assault and harassment claims. Therefore, the affidavit cannot constitute evidence of an exhausted grievance because it was created after she filed her § 1983 lawsuit.  *See* Section 1997e(a) of the PLRA, which provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S. C. § 1997e(a).

Even if Plaintiff had provided a copy of a valid exhausted grievance, her claim would now be time-barred. The accrual date of a § 1983 cause of action is controlled by federal law.  *Wallace v. Kato*, 549 U.S. 384 (2007).  Accrual generally occurs when the Plaintiff has "a complete and present cause of action." *Id.* at 388. This is met when "the Plaintiff can file suit and obtain relief." *Id.*  The statute of limitations for § 1983 claims is the state statute of limitations for personal injury actions. *Morton v. City of Little Rock*, 934 F. 2d 180, 183 (1991) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985).   In Arkansas, this period is three years. *Id.* (referencing Ark. Code Ann. § 16-56-105.)   Any possible equitable tolling is also controlled by state law, unless that law is inconsistent with the policies behind § 1983.  *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478 (1980); *Hughes v. Sheriff of Fall River County Jail*, 814 F.2d 532 (8th Cir. 1987).

Arkansas does not provide for tolling of the statute of limitations while an inmate pursues state or other remedies. *See* Ark. Code. Ann. § 16-56-126 (tolling provided for cases of nonsuit or

reversal of judgment); § 16-56-116 (tolling provided for individuals who are minors or insane at the time of accrual); § 16-56-120 (tolling provided for improper acts of a party which prevent commencement of action); § 16-56-121 (tolling provided for absconding debtors); § 16-56-125 (tolling provided for unknown tortfeasors).  The failure to provide for tolling during the pendency of related but independent state actions does not render the state's tolling rules inconsistent with § 1983. *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. at 478.

Even when the Court gives Plaintiff the benefit of the doubt and considers the accrual date as the filing date for her prior case, Plaintiff's claim is time-barred.  She filed her prior case on December 14, 2011.  She therefore had until December 14, 2014 to file another claim for the alleged May 2011 sexual assault and harassment.  She filed this case on January 6, 2015.  Because her claim was filed after the statute of limitations had passed, her claim is time-barred. Nor is Plaintiff eligible for equitable tolling pursuant to Ark. Code. Ann. § 16-56-126.  Plaintiff pursued an appeal for her case 6:11-cv-6091 in the Eighth Circuit, which affirmed the dismissal of her case.

For these reasons, Plaintiff's Complaint will be DISMISSED WITH PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 1st day of July, 2016.

/s/ P. K. Holmes, III
HON. P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

5